[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an appeal from a decision of the New Haven Board of Zoning Appeals granting a special exception to permit a planned unit development (41 Elderly Units) in an R.M.-1 zone. The subject property is located at 120-122 and 138 Valley Street. The West CT Page 1546 Rock Development Corporation, the applicant, made the application as a holder of an option to purchase said property.
On April 7, 1992 West Rock applied to the New Haven Board of Zoning Appeals for a special exception to build a similar project on 120-122 Valley Street. Following a public hearing and the receipt of an advisory report from the city planning commission West Rock's application was denied by the board on May 12, 1922. Notice of the boards denial was published in the New Haven Register on June 23, 1992. On June 25, 1992 West Rock filed it's request with the board to rehear its application based upon what was claimed to be new and additional information not placed before the board or sufficiently considered by it at the first hearing. At a special meeting on June 30, the board granted West Rock's request for a new hearing and notice of the granting of that request was duly published on July 16, 1992. No appeals were taken from either the first denial or the granting of the rehearing.
On August 7, 1992 West Rock submitted it's second application for a special exception and following a public hearing on September 2, 1992, the board approved the second application on October 27, 1992. Notice of approval of the second application was published on November 2, 1992 and the plaintiffs took this appeal on November 13, 1992.
AGGRIEVEMENT
The plaintiffs are property owners located directly across the street from the subject project. The undisputed testimony at trial was sufficient to establish that the plaintiffs are aggrieved by the doings of the administrative agency.
DISCUSSION
Both at trial and in the briefs there was considerable argument concerning the question of whether consideration of the second P.U.D. Application was improper and illegal under the rules of the local board.
The rules of the New Haven Board provide in part:
 "1. The board will not rehear an appeal of (sic) application which is substantially similar to an appeal or application previously decided by the board until one year has CT Page 1547 elapsed since the previous hearing."
While New Haven has special act zoning the above quoted rule is substantially similar to the language contained in 8-6 of the General Statutes which provide:
 "No such board shall be required to hear any application for the same variance or substantially the same variance for a period of six months after a decision by the board or by a court on an earlier application."
The court recognizes that it is faced with a special exception and not with a variance, that the New Haven rule calls for a waiting period of one year, while the statute calls for a waiting period of six months, and most importantly that the New Haven zoning is not pursuant to the General Statutes but rather is pursuant to a special enabling act. The rehearing presents difficult questions of whether the two applications were substantially similar and additional questions of whether the limitation on rehearing is for the benefit of third parties or only for the protection of the board. However, it is the court's holding that none of the questions concerning the rehearing need be considered in this appeal. The board voted to grant a rehearing and duly published its decision. It is uncontested that no appeal was taken from a granting of the rehearing. Accordingly, the court holds that any questions concerning the propriety of the rehearing are not before this court.
While the court refuses to examine the propriety of the rehearing the underlying question of when an administrative agency has the right to change its decision is before the court.
The starting point for the court's analysis in this case is Mitchell Land Company v. Planning and Zoning Board of Appeals,140 Conn. 527 (1953). In Mitchell the applicant sought a special exception to build an asphalt mixing plant in the town of Greenwich. The Greenwich Board of Appeals first denied the application and then, following substantial changes in the proposed plan, granted the application. The applicant appealed from the denial of the first application and five surrounding property owners appealed from a granting of the second application. The court held:
"Finality of a decision is just as desirable CT Page 1548 in the case of an exception as in one involving a variance."
Mitchell at 534.
The court further held:
 "From the inception of zoning to the present time, we have uniformly held that a zoning board should not ordinarily be permitted to review its own decisions and revoke action once duly taken. [citations omitted]. Otherwise, as we have repeatedly said, there would be no finality to the proceedings and the decision would be subject to change at the whim of the board or to influence exerted on its members. [citations omitted]. The power of a zoning board to reconsider under some circumstances has, however, never been denied. We have consistently recognized its right to exercise that power, (1) when a change of conditions has occurred since the prior decision of the board; or (2) when other conditions materially affecting the merits of the subject matter have intervened and no vested rights have arisen."
Mitchell at 533.
The court then continued its analysis to find that there was a third exception peculiarly applicable to special exceptions, since a special exception is designed by the applicant and is not subject to the hardship requirements of a variance. In addressing the reconsideration of special exceptions the court held:
 "An additional situation arises when the owner requesting an exception files a subsequent application altering the plan under which he previously sought the exception, in order to meet the reasons for which the board denied the prior one."
Mitchell at 534.
The minutes of the special meeting of June 16, 1992 set forth CT Page 1549 the boards action on the first application:
 "Application #92-48-S of West Rock Development Corporation for 120-122 Valley Street. The board was concerned with the project density; the impact the proposed use would have on traffic and parking conditions in the area; and the appropriateness of the location in regard to safety. The board determined that the special exception would not be in accord with the public convenience and welfare; and voted 3-2 to deny the application. . ."
The clearest change from the first application to the second application was an increase in the proposed lot area from 51,600 square feet to 66,840 square feet. This resulted from the addition of the property located at 138 Valley Street to the proposed project.
The first application was denied because of, (1) project density, (2) traffic, (3) parking conditions, (4) the appropriateness of the location in regard to safety. It appears to the court that the granting of the second application is appropriate, only if the subsequent application has altered the plan in order to meet the reasons for which the board denied the prior application.
The court notes that much of the argument, particularly by the applicant, although to a lesser extent by the city, centered on the presentation of additional justifying evidence at the second hearing. It is the opinion of the court that reconsideration and reversal of an administrative decision is not justified by additional evidence. To justify a change in the decision concerning a special exception there must be either a change in circumstances or a change in the proposal itself. The fundamental goal of finality articulated in Mitchell is that the applicant does not get the opportunity for reargument of the same proposal. Thus if an exception were denied because the administrative agency believed that it produced excessive traffic, a second application might be granted because a new road had been built. Likewise it might be granted because the application was modified so as to produce less traffic. It appears to the court that it may not be granted simply because the applicant at the time of the second application was more eloquent in persuading the administrative agency that the traffic was not as big a problem as the agency CT Page 1550 first considered it to be. It is essential that the project has been changed in such a way that it responds to the reasons for the rejection of the first application. It is not sufficient that the second application is simply presented in a more persuasive manner at the second hearing, and it certainly is not sufficient that the second application was voted on, as was acknowledged at oral argument, by different members than those that voted on the first application.
There was no evidence of any substantial change in conditions in the area unrelated to the project itself which would affect the propriety of granting the exception, therefore, the court will examine the changes in the second application. Those changes were as follows:
1. The addition of 15,240 square feet of land to the project.
2. The New Haven Department of Traffic and Parking issued a report which contained the following language:
 "Department has inspected the property and street involved in this appeal. The intersection of Valley and Emerson Street is being studied for possible traffic signalization and/or a protected pedestrian crossing. This is due to the nearby school crossing and the proposed elderly units. In addition, a fully paved landing at the bus stop is recommended because the elderly often depend on public transportation."
Supplemental Record Exhibit BB page 32.
3. An agreement was entered into between the applicant and Forbes House for use of a parking lot located almost directly across from the proposed units.
4. The New Haven Department of Traffic and Parking was considering the installation of a protected pedestrian crossing as well as a fully paved bus stop landing.
Beyond the above numbered findings, it appears to the court that the applicant submitted considerable new information at the second hearing which addressed the objections that had been raised at the first hearing but which constituted neither changed CT Page 1551 conditions nor a changed application.
The court finds that the addition of the 1500 square feet may have sufficiently changed the plan to respond to the original concern about project density. The court further finds that the leasing or availability of an additional parking lot may have been sufficient to change the plan in response to the concern about parking conditions. If the city had made the traffic changes which it contemplates, these may have constituted changes in conditions sufficient to satisfy the traffic concerns expressed at the time of the original plan rejection. The court is unwilling to find that the cities prospective studying of the problem is a change of condition or a change in application. And finally the court, while recognizing that there was some additional evidence concerning safety, finds no changed condition or change in the plan which addresses the objection to the appropriateness of the location with regard to safety. Accordingly, the court holds that while the record at the first hearing might have been sufficient for the granting of the permit if the board had voted to do so; and while the record at the second hearing might have been sufficient to support the granting of the permit, if the board were not reviewing a previous decision concerning the same matter, there has been insufficient change either in circumstances or in the proposed project with regard to traffic or safety to justify a reversal of the agencies position. Accordingly, the court enters judgment sustaining the appeal and reversing the board's decision granting the proposed P.U.D. Further, the court enters judgment denying West Rock's proposed P.U.D
The court by,
Kevin E. Booth, Judge